**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-50654
(Summary Calendar)
_____

MILDRED BUTLER,

Plaintiff-Appellant,

versus

DONALD H. RUMSFELD, SECRETARY OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas - Waco Division
(W-00-CV-48)
_____

January 8, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Mildred Butler appeals the district court's grant of summary judgment in favor of defendant-appellee the Secretary of the Department of Defense (the "Department"), dismissing her Title VII employment discrimination claim based on race and her Age Discrimination Employment Act ("ADEA") claim. Agreeing with the reasoning and conclusions of the district court,

---

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

1

we affirm.

Butler, a fifty-eight year-old African American woman, was employed as a civilian accounting technician for the Defense Finance and Accounting Service ("DFAS")in its Fort Hood, Texas office. At one point during her employment, Butler was informed by her supervisor that she was concerned about Butler's job performance because Butler had committed an unacceptable number of "exceptions" on her entries into the accounting system.[1] Bulter was then placed on a provisional performance improvement plan ("PIP"), under which she was required to demonstrate rehabilitation of her job performance. After receiving the PIP notice, Butler filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC").

In the months following Butler's PIP notice, her performance failed to improve, and she again exceeded the number of allowable exceptions. Accordingly, Butler received a notice of proposed removal from her supervisor which detailed Butler's errors. Ultimately, the official vested with decision-making authority, David Stegman, informed Butler that the proposed removal would be sustained.

Bulter appealed her termination to the Merit Systems Protection Board (the "MSPB"). After a hearing, the administrative law judge for the MSPB affirmed the Department's decision to

---

[1] "Exceptions" are notices of an entry error or omission in the automated accounting system used by the DFAS.

terminate Butler's employment, concluding that Butler had failed to establish a prima facie case of either race or age discrimination. Butler then appealed the MSPB's decision to the EEOC. The EEOC concurred with the decision of the MSPB, explaining that the Department had provided legitimate, non-discriminatory reasons for firing Butler and that, other than her own subjective beliefs, she could offer no evidence to counter the Department's proffered reasons. Having exhausted her administrative remedies, Bulter filed suit in district court, where summary judgment was eventually granted in favor of the Department, dismissing all of Bulter's claims. She timely appealed.

We review a grant of summary judgment de novo, applying the same standard as the district court.[2] A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[3] An issue is material if its resolution could affect the outcome of the action.[4] In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[5]

---

[2] Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[3] Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

The standard for summary judgment mirrors that for judgment as a matter of law.[6] Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[7] In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached.[8]

As the MSPB, the EEOC, and the district court have thoroughly and extensively treated Butler's claims, we decline to rehash their analyses. It suffices that we agree with the district court: Butler cannot establish a prima facie case of racial discrimination, age discrimination, or retaliatory action by the Department. Regarding her racial discrimination claim, Butler cannot demonstrate that similarly situated employees of other races were treated differently. The only evidence she presents is her own conclusional allegations and her comparison to a white employee who did not share Butler's supervisor, employment grade, or job title. Similarly, regarding her age discrimination claim, Butler has produced no evidence to suggest that the Department's actions

---

[6] Celotex Corp., 477 U.S. at 323.

[7] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

[8] Id. at 151.

4

were taken on account of her age. Finally, regarding her retaliation claim, Butler has produced no competent summary judgment evidence demonstrating a causal link between her termination and a grievance she filed with the Department. Specifically, no evidence exists in the record to suggest that Butler's termination was based on anything but her poor performance in the months preceding her termination. Finally, as the district court notes, even if we were to assume <u>arguendo</u> that Butler met her prima facie burden, the Department has met its burden of production by articulating a legitimate, non-discriminatory reason for its decision. Apart from her bald allegations, Bulter has produced no evidence to cast doubt on the Department's proffered reason.

In short, Butler's claims fail because she has not, at any stage of the proceedings, produced evidence, in the form of affidavits or otherwise, to support her allegations of discrimination. Butler has now pursued these baseless claims through the relevant administrative bodies, the district court, and this court, armed with nothing more than her unsupported beliefs. As this appeal borders on frivolousness, Butler is cautioned that any further protraction of the litigation in this case will expose her to sanctions.

For the reasons articulated by the district court, the summary dismissal of Butler's claims is, in all respects,

AFFIRMED.